

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

<div style="border:1px solid red; padding:4px;">
This request is GRANTED. SO ORDERED.

*Jennifer E. Willis*

JENNIFER E. WILLIS
United States Magistrate Judge
July 12, 2024
</div>

<u>VIA ECF</u>
Honorable Jennifer E. Willis
United States Magistrate Judge
United States Courthouse
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    *056 Deli & Grocery Corp., and Sandra Pichardo Majias v. United States et al.,*
             23 Civ. 5557 (JW)

Dear Judge Willis:

        This Office represents defendants the United States of America and the United States Department of Agriculture, Food and Nutrition ("FNS") (collectively, the "Government"), in the above-referenced proceeding pursuant to 7 U.S.C. § 2023, the Food and Nutrition Act of 2008, in which plaintiffs challenge an order of the United States Department of Agriculture to disqualify plaintiff 056 Deli & Grocery Corp. from the Supplemental Nutrition Assistance Program ("SNAP"). Plaintiffs consent to the request made herein.

        Consistent with the Protective Order entered by the Court on May 9, 2024 (ECF No. 20), and pursuant to Section II(E) of the Court's Individual Rules, the Government respectfully seeks leave to file a redacted version of the certified administrative record on the public docket in this case. The administrative record contains information regarding electronic benefits transfer ("EBT") card recipients and stores participating in the SNAP; this sensitive, personal, and commercial information is covered by the Privacy Act, 5 U.S.C. § 552a(b), the Food and Nutrition Act of 2008, 7 U.S.C. § 2020(e)(8), and the federal regulations promulgated thereunder, 7 C.F.R. § 272.1(c) (collectively "the Acts"). The information includes FNS numbers, EBT card numbers, household numbers, and other confidential, personal, or similar information.

        The Government respectfully submits that sealing is appropriate notwithstanding the presumption of access discussed by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), in light of the privacy interests of third parties. *See, e.g.*, *Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prod., Inc.*, No. 19 Civ. 3766 (GHW), 2020 WL 7706741, at *2 (S.D.N.Y. Dec. 29, 2020) ("Higher values that may justify the sealing of documents include . . . the privacy interests of third-parties" (citing *E.E.O.C. v. Kelley Drye & Warren LLP*, No. 10 Civ. 655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012))); *Republic of Turkey v. Christie's Inc.*, No. 17 Civ. 3086 (AJN), 2020 WL 7338074, at *1 (S.D.N.Y. Sept. 11, 2020) ("Specifically, for the redacted portions, the parties' and third parties' privacy interests outweigh the 'value of such information to those monitoring the federal courts.'"). In similar SNAP disqualification cases in this district, courts have permitted the Government to

submit a redacted version of the administrative record in support of a motion for summary judgment. *See*, *e.g.*, Notice of Certified Administrative Record, *La Reyna De Westchester Deli Grocery Corp. v. United States*, 22 Civ. 01242 (KHP), ECF. No. 29; Notice of Certified Administrative Record, *East Village New Deli Corp. v. United States*, 20 Civ. 7356 (PAE), ECF No. 30. The Government requests leave to do the same in this case. Plaintiffs consent to this sealing request.

   We thank the Court for its attention to this matter.

                Respectfully,

                DAMIAN WILLIAMS
                United States Attorney

          By: /s/ *Elizabeth J. Kim*
             ELIZABETH J. KIM
             Assistant United States Attorney
             86 Chambers Street, Third Floor
             New York, NY 10007
             Tel: (212) 637-2745
             elizabeth.kim@usdoj.gov

cc: George Ortiz, Esq. (via ECF)
  Counsel for Plaintiffs